Jose Gallimort
Name
1827 W. Gowan Rd APT #1180
N. Las Vegas, NV 89032

Prison Number

FILED          _____ RECEIVED
ENTERED        _____ SERVED
            COUNSEL/PARTIES OF RECORD

MAR 26 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Jose Gallimort          )
            Plaintiff,  )
                        )
vs.                     )        **2:19-cv-00514-RFB-GWF**
                        )
Romero Aranas (Medical Director) et Al  )
                        )
Jennifer Nash (Assistant warden)  )    **CIVIL RIGHTS COMPLAINT**
                        )            **PURSUANT TO**
Brian Williams (Warden) )            **42 U.S.C. § 1983**
                        )
James Dzurenda (Director)  )
                        )        Jury Trial Demanded
                        )
            Defendant(s). )

## A. JURISDICTION

1)      This complaint alleges that the civil rights of Plaintiff, Jose Gallimort,
(Print Plaintiff's name)

who presently resides at 1827 W. Gowan Rd. APT #1180 N.LasVegas, NV 89032 were

violated by the actions of the below named individuals which were directed against

Plaintiff at High Desert State Prison / Indian Springs, NV on the following dates
(institution/city where violation occurred)

07/26/2017  ,   05/31/2018   , and   07/11/2018  , and
(Count I)        (Count II)              (Count III)

07/27/2018
(Count IV)

**Make a copy of this page to provide the below
information if you are naming more than five (5) defendants**

2) Defendant ___Romero Aranas___ resides at ___Unknown___,
(full name of first defendant)                              (address if first defendant)
and is employed as ___Medical Director___ . This defendant is sued in his/her
(defendant's position and title, if any)
___✓___ individual ___✓___ official capacity. (Check one or both) Explain how this defendant was
acting

under color of law: ___Nevada Department of Corrections Medical Director___

3) Defendant ___Jennifer Nash___ resides at ___Unknown___,
(full name of first defendant)                              (address if first defendant)
and is employed as ___Assistant Warden___ . This defendant is sued in his/her
(defendant's position and title, if any)
___✓___ individual ___✓___ official capacity. (Check one or both) Explain how this defendant was
acting

under color of law: ___Nevada Department of Corrections Assistant Warden___

4) Defendant ___Brian Williams___ resides at ___Unknown___,
(full name of first defendant)                              (address if first defendant)
and is employed as ___Warden___ . This defendant is sued in his/her
(defendant's position and title, if any)
___✓___ individual ___✓___ official capacity. (Check one or both) Explain how this defendant was
acting

under color of law: ___Nevada Department of Corrections Warden___

5) Defendant ___James Dzurenda___ resides at ___Unknown___,
(full name of first defendant)                              (address if first defendant)
and is employed as ___Director___ . This defendant is sued in his/her
(defendant's position and title, if any)
___✓___ individual ___✓___ official capacity. (Check one or both) Explain how this defendant was
acting

under color of law: ___Nevada Department of Corrections Director of
Prisons___

2

6) Defendant _____ resides at _____,
                 (full name of first defendant)              (address if first defendant)
and is employed as _____ . This defendant is sued in his/her
                      (defendant's position and title, if any)
___ individual ___ official capacity. (Check one or both).  Explain how this defendant was
acting

under color of law: _____

_____


7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983.  If you wish
to assert jurisdiction under different or additional statutes, list them below.

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - -

## B. NATURE OF THE CASE

1)      Briefly state the background of your case.

<u>1.)</u> Since July 26, 2017, Jose Gallimort (hereinafter plaintiff) has suffered Terrible pain from a hernia that was most likely caused by strenuous work in High Desert State Prison (HDSP) Prison Industries (PI).

2.) Since 07/26/2017 plaintiff has begged for surgery and to this date has never received any care. Medical staff's reply was to put plaintiff on a sick call list which never gave him any results.

3.) On 08/30/2017 plaintiff submitted another kite explaining that he is still in pain and must receive surgery for his hernia. Medical staff's reply was "refer to medical." Plaintiff never received any results.

4.) On 05/31/2018 plaintiff submitted an informal grievance (IG) to persuade the medical administration to resolve the issue. Instead, Jennifer Nash interfered with the IG and stopped any relief the

- - - - - - - - - - - - - - - - - - - - - - - - - - -

## C. CAUSE OF ACTION

(a)       plaintiff may have received. The same goes for a third kite submitted on 06/16/2018 which explained his need for surgery, to which medical staff replied he was placed on sick call on the same date. The plaintiff never received any attention.                                              ). 5.) on 07/11/2018, the plaintiff's first level grievance was erroneously signed by Jennifer Nash and constituted a retaliatory action. The second level grievance, submitted on 07/27/2018, was also erroneously signed by AW Nash and it was received past the HDSP's 60 day timeframe. The plaintiff to this date never received any medical care, and has suffered this pain for more than a year, and for that reason, the plaintiff started the informal grievance procedure to inform the administration that the medical department did not follow the rules and was indifferent to the situation. When the informal grievance answer returned, it was erroneous because he was on the waiting list waiting for attention from the doctor for 10 months, and never received attention. The plaintiff continued to the first level grievance and received retaliation from someone who is not qualified to answer that grievance. The second level grievance continued with that retaliation from AW Nash, when she does not have jurisdiction over that grievance. The one who has authority over the first level grievance is Brian Williams, Warden of High Desert State Prison, and the one who has authority over the second level grievance is James Dzurenda, who has the responsibility to submit that medical grievance to the medical department, who is directed by Romero Aranas.

Page 3A

## COUNT I

The following civil rights has been violated: Right to Due Process rights under the 14th amendment, and Right to be free from cruel and/or unusual punishment, under the 8th amendment.

Supporting Facts: [Include all fact you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

  6.) On July 26, 2017, plaintiff wrote a medical kite (see exhibit "A") to medical staff explaining his abdominal hernia. He explained that he is in pain continuously and that he is in need of urgent surgery. Medical's response was to put the plaintiff on a sick call list. The plaintiff never received any care, spoke with a doctor, and was never notified of a sick call, which left the plaintiff in pain to this date, for more than a year.

  7.) On August 30, 2017, the plaintiff wrote another kite (see exhibit "B") explaining that he is still in pain and needed this matter resolved. Medical staff responded "refer to medical." The plaintiff is still waiting to hear something from medical staff about getting surgery or to speak with a doctor.

  8.) The plaintiff believes Romero Aranas, the medical director for the Nevada Department of Corrections (N.D.O.C) is responsible for the medical staff's ignorance towards the plaintiff's hernia. The poor coordination between medical staff and N.D.O.C staff causes sick calls to be made, but no notification or rescheduling occurs on the N.D.O.C's behalf, thus depriving him of his right to be free from cruel and/or unusual punishment under the 8th amendment

4

1  of the United States Constitution and his right to Due Process under
2  the 14th amendment.
3      9.) The plaintiff's final medical kite was submitted 6/16/2018
4  (See exhibit "C") to explain that there was no attention received,
5  and medical's response was to place him on sick call. To this
6  date he has never received any medical attention, for more than a year.
7      10.) The defendants Romero Aranas, Jennifer Nash, Brian Williams
8  and James Dzurenda knew or should have known that when they
9  engaged in actions that deprived the plaintiff of his entitled
10 medical care, they went against N.D.O.C Policy, and the
11 Constitution of the United States by inflicting cruel and/or
12 unusual punishment upon the plaintiff. Their actions served no
13 penalty, aim, or goal and was a chill infringement to the plaintiff
14 and deprived him of his 8th amendment of the United States
15 Constitution Right to be free from cruel and/or unusual punishment,
16 and his 14th amendment right to Due Process.
17
18
19
20
21
22
23
24
25
26
27
28

Page 4A

## COUNT II

The following civil rights has been violated: <u>Right to Due Process Rights under the 14 amendment, and Right to be free from cruel and/or unusual punishment under the 8th amendment.</u>

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

11.) This count refers to Jennifer Nash's interference with the informal grievance process that could have granted relief to the plaintiff. On 5/19/2018, the plaintiff filed an informal grievance (see exhibit "D") in order to persuade medical staff to provide a more satisfactory solution to the plaintiff's hernia.

12.) AW. Nash actively interfered with the plaintiff's relief by answering a grievance that should have been referred to someone in the medical department. Furthermore, the informal grievance is erroneously signed by AW. Nash, while the grievance coordinator's signature is absent, and the grievance is left unchecked in terms of "upheld", "denied", or "not grievable per AR740".

13.) AW. Nash is not qualified to give an answer about a medical issue because she does not understand the severity of such issues. Her action put the plaintiff in continued pain and suffering.

14.) AW. Nash unreasonably applied the untimely rule (AR740) and demonstrated a desire to quickly bypass the plaintiff's hernia issue. This is further supported by her statement that the kite was written in 2007. Although minor,

1  it indicates that AW. Nash was quick to apply an unreasonable
2  rule and ignore the issue, and was indifferent.
3    (5.) The plaintiff believes that a reasonable person in her
4  position would have looked beyond the dates and realized that
5  she did not have the medical knowledge necessary to judge this
6  issue and submit the informal grievance to medical. AW. Nash
7  did not do that and therefore caused harm.
8    (6.) The defendants Romero Aranas, Jennifer Nash, Brian
9  Williams and James Dzurenda knew or should have known that
10  when they engaged in actions that deprived the plaintiff of
11  his entitled medical care, they went against N.D.O.C Policy,
12  and the constitution of the United States by inflicting cruel
13  and/or unusual punishment upon the plaintiff. Their actions
14  served no penalty, aim, or goal and was a chill infringement to
15  the plaintiff, and deprived him of his 8th amendment of the
16  United States Constitution right to be free from cruel and/or
17  unusual punishment, and his 14th amendment right to Due
18  Process.

## COUNT III

The following civil rights has been violated: <u>Right to Due Process under the 14th amendment, Right to be free from cruel and/or unusual punishment under the 8th amendment, and Right to readdress prison grievances under the 1st amendment</u>

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].



17.) Count 3 refers to the first level grievance (see exhibit "E") that was submitted after the informal grievance was denied. Plaintiff had hoped that this grievance would be answered by someone within the medical profession who could finally grant him the surgery that he still needs to this date.

18.) Jennifer Nash once again interfered with the plaintiff's relief. She stated that the grievance was denied because it was an untimely submission, and she sent an email to medical.

19.) The contents of the email are unknown, but it clearly did not help, because the plaintiff is still waiting for care.

20.) When A.W. Nash sent an email to medical in response to the plaintiff's first level grievance, she proved that (1) she does not have the medical expertise to judge this medical issue, that (2) the grievance must have been submitted to someone in the medical administration, and (3) that the plaintiff's issue did indeed deserve medical attention that medical staff did not provide.

21.) Therefore, once she denied the first level grievance,

- - - - - - - - - - - - - - - - - - - - - - - - - -

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? _____ Yes __✓__ No. If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page following the below

6

1  and proved that the plaintiff's issue was in need of medical
2  attention, and proved that she did not have medical expertise, and
3  proved that the grievance should have been answered by medical
4  staff, she proved this by sending an email to medical, we can now
5  state that Jennifer Nash committed a retaliatory action towards
6  the plaintiff thus violating his first amendment, and inflicted
7  cruel and/or unusual punishment towards the plaintiff, thus
8  violating his 8th amendment right, and that she deprived him
9  of Due Process, thus violating his 14th amendment.
10     22.) The defendants Romero Aranas, Jennifer Nash, Brian
11  Williams and James Dzurenda knew or should have known
12  that when they engaged in retaliatory incidents that caused
13  medical harm against the plaintiff, they went against
14  N.D.O.C Policy and the Constitution of the United States,
15  by not allowing the right to readdress prison grievances.
16  Their actions served no penalty, aim, or goal and was a
17  chill infringement to the plaintiff, and deprived him of his 1st
18  amendment right of the United States Constitution to
19  readdress his prison grievance without fear or retaliation,
20  and his right to be free from cruel and/or unusual
21  punishment under the 8th amendment, and right to Due
22  Process under the 14th amendment.
23
24
25    .
26
27
28

Page  6A

## COUNT IV

1   The following civil Rights has been violated: Right to Due Process under the 14th
2   amendment, Right to be free from cruel and/or unusual punishment under the 8th
3   amendment, and Right to readdress prison grievances under the 1st amendment.
4

5   23.) This count refers to the second level grievance (see exhibit "F")
6   that was never answered by anyone from medical staff and once
7   again marked as untimely by Jennifer Nash.
8   24.) By the N.D.O.C's rule, their staff members have 60 days
9   to answer a second level grievance, and must be signed and
10  recognized by a director or warden. This response was untimely
11  and incorrectly signed by an unauthorized party and is not
12  acknowledged as "upheld," "denied," or "not grievable per AR740."
13  25.) The second level grievance has reasonable and true
14  statements such as "nobody can deny that medical staff failed
15  to address [the plaintiff's] issue properly by having [the plaintiff]
16  talk to a doctor so [the plaintiff] could be sent to a
17  hospital" (see exhibit "F").
18  26.) When we look at the witness affidavits (see
19  exhibits "G", "H"), we see that they were able to get their
20  surgeries, with David Thomson receiving his surgery in 2017, the
21  same year the plaintiff submitted his first kite to medical.
22  27.) This shows discrimination towards the plaintiff. There is
23  no reason why the plaintiff, who is a cuban immigrant,
24  should be made to suffer cruel and/or unusual punishment.
25  28.) We must acknowledge that Jennifer Nash's response
26  to the second level grievance is a repeat of her retaliatory
27  action found in the first level grievance, and the plaintiff
28  must be compensated for that accordingly.

1   29.) James Dzurenda is now implicated in this lawsuit,
2   because his signature was nowhere to be found on this
3   grievance. His policy is unreasonable, and it allowed Jennifer
4   Nash to erroneously take action towards the plaintiff's
5   grievance. This caused him more pain and suffering than
6   necessary, and the plaintiff must be compensated for that.
7   30.) The defendants Romero Aranas, Jennifer Nash,
8   Brian Williams and James Dzurenda knew or should have
9   known that when they engaged in retaliatory incidents
10  that caused medical harm against the plaintiff they went
11  against N.D.O.C policy, and the constitution of the United
12  States by not allowing the right to readdress prison
13  grievances. Their actions served no penalty, aim, or goal and
14  was a chill infringement to the plaintiff, and deprived him
15  of his first amendment right of the United States Constitution
16  to readdress his prison grievance without fear or retaliation,
17  and his right to be free from cruel and/or unusual
18  punishment under the 8th amendment and right to Due
19  Process under the 14th amendment.
20
21
22
23
24
25
26
27
28

outline).

a) Defendants: _____

b) Name of court and docket number: _____

c) Disposition (for example, was the case dismissed , appealed or is it still pending?):

_____

d) Issues raised: _____

_____

_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

2) Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?** _____ Yes  ✓ No.  If your answer is "Yes", describe each lawsuit.  (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____

b) Name of court and case number: _____

c) The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d) Issues raised: _____

_____

_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____

b) Name of court and case number: _____

7

c)   The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

_____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)   Defendants: _____.

b)   Name of court and case number: _____.

c)   The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

_____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

3)   Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? √ Yes ____ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ____ disciplinary hearing; (2) ____ state or federal court decision; (3) ____ state or federal law or regulation; (4) ____ parole board decision; or (5) ____ other _____

If your answer is "Yes", provide the following information. Grievance Number 2006-30-66708 Date and institution where grievance was filed 6/1/2018, High Desert State Prison

Response to grievance: Denied _____

_____

_____

- - - - - - - - - - - - - - - - - - - -

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

31.)   The plaintiff is entitled to $300,000 in compensatory damages and $700,000 in punitive damages for a total $1,000,000

32.) The punitive damages comes from deliberate indifference by being neglected by medical staff and denied medical care. The compensatory damages come from the physical injury sustained (the hernia) while working in Prison Industries

33.) Finally, the N.D.O.C must pay for plaintiffs' future hernia surgery.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____
(Name of Person who prepared or helped
prepare this complaint if not Plaintiff)

_____
(Signature of Plaintiff)

10/08/2018
_____
(Date)

- - - - - - - - - - - - - - - - - - - - -
(Additional space if needed; identify what is being continued)

# Exhibit A

- First medical kite written by Gallimort explaining his need for surgery for his abdominal hernia. Medical never followed through with the sick call

PRINT NAME: _Jose Gallimort_ A          ID# _56977_
(Also print name and ID# at bottom of form where indicated)

Institution: _HDSP_          Date submitted: _7 / 26/ 2017_          Unit/House: _7- B- 2_

Medical: ☒     Dental: ☐     Mental Health: ☐     Nursing: ☐     Other: _____

Reason for request: (Describe below)

Hello, I am in deeply need, to leave a surgery of an abdominal hernia, I am in pain Continualy, and It's growing at an enormous pace, I've heard that the facility is currently, Assisting inmates, that need this procedure done, Please I've been adressing this issue For a while, and I cannot longer wait, or resist the pain, please set an appointment For a surgeon as soon as possible.   THANKS

### DO NOT WRITE IN AREA BELOW

Response to request:

Put on provider sick call list

☐ Appointment Schedule for:    ___/___/___          Rescheduled for: ___/___/___
☐ No visit necessary
☐ No Show for Appointment
☐ Refused to be seen.  DOC 2523-Release of Liability signed

### PRESCRIPTIONS

☐ KOP          ☐ NON-KOP
☐ Order Date:    ___/___/___

### PLAN

☐ Follow-up appointment    ___/___/___          ☐ Return if needed
☐ No follow-up required

Signature/Title of Provider _____          Date _7 / 28, 17_

NEVADA DEPARTMENT OF CORRECTIONS          NAME: _Gallimort   Jose_   _A_
                                                        Last        First      MI

**MEDICAL KITE and/or**          SIGNATURE: _JMgs_
**SERVICE REPORT**

ID#: _56977_

DOC 2500 (03/17)

# Exhibit B

Gallimort's second kite explaining his hernia is causing him pain, and that he is trying to get the matter resolved. Response was "refer to medical" and to this he has never seen a doctor.

PRINT NAME: Jose  Gallimort                    ID#: 56971

(Also print name and ID# at bottom of form where indicated)

Institution: H.D.S.P          Date submitted: 8 / 50 / 2017       Unit/House: 7 - B - 2 A

Medical: ☒   Dental: ☐   Mental Health: ☐   Nursing: ☐   Other: _____

Reason for request: (Describe below)

ATTN: Doctor Byran,

I Try to get this matter Resolve, Some how the medical keep on Assist I need sick call list, my hernia is costing me alot of pain on my Right side, can you please Example me A.S.A.P.

Thank you

### DO NOT WRITE IN AREA BELOW

Response to request:

refer to medical

| | | |
|---|---|---|
| ☐ Appointment Schedule for: | ___ / ___ / ___ | Rescheduled for: ___ / ___ / ___ |
| ☐ No visit necessary | | |
| ☐ No Show for Appointment | | |
| ☐ Refused to be seen.  DOC 2523-Release of Liability signed | | |

### PRESCRIPTIONS

☐ KOP        ☐ NON-KOP

☐ Order Date: ___ / ___ / ___

### PLAN

☐ Follow-up appointment ___ / ___ / ___        ☐ Return if needed

☐ No follow-up required

_____              _____ / _____ / _____
Signature/Title of Provider                          Date

NEVADA DEPARTMENT OF CORRECTIONS

# MEDICAL KITE and/or
# SERVICE REPORT

NAME: Gallimort  Jose            A
        Last          First        MI

SIGNATURE: JHgs

ID#: 56977

# Exhibit C

Gallimort's third medical kite explaining that he is still in pain 11 months later. Medical's response was to be placed on sick call, which never happened

**PRINT NAME:** Jose Gallimort

(Also print name and ID# at bottom of form where indicated)

**ID#:** 56977
**DOB:** 4 / 12 / 1955

**Institution:** H D S P    **Date submitted:** 6 / 16 / 2018    **Signature:** JHgs

**Medical:** [X]   **Dental:** [ ]   **Mental Health:** [ ]   **Nursing:** [ ]   **Other:** _____

Reason for request: (Describe below)

Please I would like to know when I can see a doctor. on august 30 2017 your Refer me to a medical, and never I Received any attention by the medical I have strong Pain And I need to see a doctor For my Henia (FR) Please ASAP

thanks you very much

**DO NOT WRITE IN AREA BELOW**

Response to request:

Placed on urgent sick call 6/16/18 by nurse
Placed on sick call 6/16/18 JMHD/18

| | | Appointment Schedule for: | / / | Rescheduled for: | / / |
|---|---|---|---|---|---|
| [ ] | No visit necessary | | | | |
| [ ] | No Show for Appointment | | | | |
| [ ] | Refused to be seen.  DOC 2523-Release of Liability signed | | | | |

**PRESCRIPTIONS**

[ ] KOP    [ ] NON-KOP
[ ] Order Date: ___ / / ___

**PLAN**

[ ] Follow-up appointment    / /        [ ] Return if needed
[ ] No follow-up required

_J glen_
Signature/Title of Provider

6/16/18
Date

NEVADA DEPARTMENT OF CORRECTIONS

# MEDICAL KITE and/or
# SERVICE REPORT

**NAME:** Gallimort    Jose    A
Last    First    MI

**ID#:** 56977

**Unit/Cell#:** 7 - B - 2 A

DOC 2500 (03/18)

# Exhibit D

• Informal grievance explaining again that he is in pain and is in urgent need of surgery. Jennifer Nash unreasonably applied AR 740 which caused Gallimort to suffer even more

\* Note: Informal grievance must be checked if "upheld", "denied," or "not grievable per AR 740." It must also be signed with the grievance coordinator's approval



**Brian Sandoval**
*Governor*

# Nevada Department of Corrections
## Improper Grievance Memo

**James Dzurenda**
*Director*

TO:       <u>Gallimort, Jose</u>     #56977     7B/2

**Brian E. Williams, Sr.**
*Warden, HDSP*

FROM:   <u>J. Nash, AW</u>

DATE:    <u>6/1/2018</u>

RE: Improper Grievance <u>#2006-30-66708</u> IF Level Grievance

---

The attached grievance is being returned to you for the following reason(s):

| | |
|---|---|
| **This grievance may NOT proceed to the next level Per AR 740.03,5 due to the following:** | |
| ☐ Non-grievable issue. | |
|      ☐ State and federal court decision. | |
|      ☐ State, federal and local laws and regulations. | |
|      ☐ Parole Board decision. | |
|      ☐ Lacks standing. | |
| **X** Untimely submission. Per AR 740 you have not submitted this grievance within 6 months of the date you provided, of which July 26, 2017, is and is deemed not in compliance. | |
| ☐ Abuse of Inmate Grievance Procedure. | |
|      ☐ Any language, writing or illustration deemed to be obscene, profane or derogatory. | |
|      ☐ A threat of serious bodily injury to a specific individual. | |
|      ☐ Specific claims or incidents previously filed by the same inmate. | |
|      ☐ More than one (1) grievance per week, Monday through Sunday. | |
|      ☐ More than two (2) unfounded, frivolous or vexatious grievances per month. | |

| |
|---|
| **After correcting the deficiencies(s) listed below; you may re-submit your grievance.** |
| ☐ The grievance contains more than one (1) appropriate issue.  Only 1 issue is allowed per grievance. |
| ☐ No factual harm/loss noted and/or no remedy requested. |
| ☐ Other; specify: |

Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment.

_____    6/14/18      _JH9_      6.14.18

Witness Signature        Date      Inmate Signature      Date

cc: Original – Inmate
     Copy - Grievance File

DOC-3098 (01/17)

ORiGiNAL

Log Number _2006·30·66708_

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: Jose Gallimoet    I.D. NUMBER: 56977

INSTITUTION: HDSP    UNIT: 7-B-2A

GRIEVANT'S STATEMENT: the reason of this Grievace is Because on July 8-26-2017, I sent a kite to HDSP hospital Because I have hard Pain in my Hernia they put me "on sick call list." on Agust 30 2017 I sent another kite the kite Refer to medical & Please I need a doctor I have Pain in my Hernia thanks you

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: JHgS    DATE: 5-9-18 TIME: 9:AM

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 5/31/18 TIME: 2:19pm

GRIEVANCE RESPONSE: 30&B ' Per 740 you have submitted this Grievance with in 6 months of this date you provided, of which is July 26, 2007 And deemed not in Compliance and untimely...

CASEWORKER SIGNATURE: _____ DATE: 6/14/18

____ GRIEVANCE UPHELD ____ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _____ DATE: _____

____ INMATE AGREES ____X____ INMATE DISAGREES

INMATE SIGNATURE: JHgS    DATE: 6-14-18

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED
JUN 01 2018
HDSP

DOC 3091 (12 / 01)

# Exhibit E

First level grievance, which is the fifth document explaining his need for hernia surgery. Ms. Nash committed a retaliatory action here, by violating his 1st amendment right to readdress grievances

\* Note: First level grievance must be signed by a warden and checked if "upheld," "denied," or "not grievable per AR740." The warden did not sign this grievance.



**Brian Sandoval**
*Governor*

# Nevada Department of Corrections
## Improper Grievance Memo

**James Dzurenda**
*Director*

**Brian E. Williams, Sr.**
*Warden, HDSP*

TO: Gallimort, Jose #56977 7B/2

FROM: J. Nash, AW

DATE: 7/11/2018

RE: Improper Grievance #2006-30-66708 1st Level Grievance

The attached grievance is being returned to you for the following reason(s):

| This grievance may NOT proceed to the next level Per AR 740.03,5 due to the following: |
|---|
| ☐ Non-grievable issue. |
|  ☐ State and federal court decision. |
|  ☐ State, federal and local laws and regulations. |
|  ☐ Parole Board decision. |
|  ☐ Lacks standing. |
| **X** Untimely submission. However, an email has been sent to Medical. |
| ☐ Abuse of Inmate Grievance Procedure. |
|  ☐ Any language, writing or illustration deemed to be obscene, profane or derogatory. |
|  ☐ A threat of serious bodily injury to a specific individual. |
|  ☐ Specific claims or incidents previously filed by the same inmate. |
|  ☐ More than one (1) grievance per week, Monday through Sunday. |
|  ☐ More than two (2) unfounded, frivolous or vexatious grievances per month. |

| After correcting the deficiencies(s) listed below; you may re-submit your grievance. |
|---|
| ☐ The grievance contains more than one (1) appropriate issue.  Only 1 issue is allowed per grievance. |
| ☐ No factual harm/loss noted and/or no remedy requested. |
| ☐ Other; specify: |

Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment.

_____ 7/20/18  Ⓧ JNG  Ⓧ 7-26-18

Witness Signature   Date   Inmate Signature   Date

cc: Original – Inmate
  Copy - Grievance File

DOC-3098 (01/17)

Log Number _2006·30·66708_

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: _Jose Gallimort_                I.D. NUMBER: _56977_

INSTITUTION: _HDSP_            UNIT: _7B-2_

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER _2006·30·66708_ , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: _JHgs_                DATE: _6/14/18_

WHY DISAGREE: _This grievance is about My continuing issue with my hernia that has not been solved with my previous kites, nor my informal grievance. This is my issue: I am having terrible pain with my hernia and I need to see a doctor immediately. I sent a kite to medical asking to go and recieve medical care, and they put me on the sick call list. I never went to a sick call nor did—_

GRIEVANCE COORDINATOR SIGNATURE: _JNm_        DATE: _7/11/18_

FIRST LEVEL RESPONSE: _DOC 3098 - Untimely - Email sent to medical_

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____ TITLE: _____ DATE: _____

GRIEVANCE COORDINATOR SIGNATURE: _JNm_        DATE: _7/11/18_

_____ INMATE AGREES _____✓_____ INMATE DISAGREES

INMATE SIGNATURE: _JHgs_                DATE: _7-26-18_

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

**RECEIVED**
JUL 1 1 2018
**HDSP**

DOC 3093 (12/01)



## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: __Jose Gallimort__   I.D. NUMBER: __56977__

INSTITUTION: __HDSP__   UNIT #: __7B-2__

GRIEVANCE #: __2006-30-66708__   GRIEVANCE LEVEL: __First__

GRIEVANT'S STATEMENT CONTINUATION:   PG. __1__   OF __1__

Anyone see me. On August 30th, 2017, I sent another kite about the same issue and again I was not seen by anyone at sick call. I have copies of these kites. In February of this year, I sent another kite about the same issue, but this time I received no response at all (which is why it wasn't mentioned in the informal grievance). I would like to inform the AWO that this case is not about the dates of the kites, it's about the negligence and deliberate indifference shown by the medical staff. The nurses I speak to in the unit say they'll refer me to a doctor, and yet I hear nothing. The staff receives my kites, but they do not follow through. This issue will be RESOLVED when I talk to a doctor, who can confirm my condition and send me to a hospital to get it fixed. This is the grievance response I will agree with. Until then, I cannot agree with a response in regards to untimeliness, because this is an issue I deal with everyday. I am entitled to receive medical care and I hope I can receive that medical care in the very near future. Thank you.

Original:   Attached to Grievance
Pink:   Inmate's Copy

# Exhibit F

- Second level grievance that was once again listed as untimely. This is a repeat of her (Jennifer Nash) retaliatory actions

\* Note: A Director (either James Dzurenda or Romero Aranas) Must sign a second level grievance. Ms. Nash is unqualified to sign this grievance.



Brian Sandoval
*Governor*

# Nevada Department of Corrections
## Improper Grievance Memo

James Dzurenda
*Director*

Brian E. Williams, Sr.
*Warden, HDSP*

TO: _Gallimort, Jose_ #56977 7B/2

FROM: _J. Nash, AW_

DATE: _8/27/2018_

RE: Improper Grievance #2006-30-66708 2nd Level Grievance

The attached grievance is being returned to you for the following reason(s):

| This grievance may NOT proceed to the next level Per AR 740.03,5 due to the following: |
| --- |
| ☐ Non-grievable issue. |
|     ☐ State and federal court decision. |
|     ☐ State, federal and local laws and regulations. |
|     ☐ Parole Board decision. |
|     ☐ Lacks standing. |
| **X** Untimely submission. |
| ☐ Abuse of Inmate Grievance Procedure. |
|     ☐ Any language, writing or illustration deemed to be obscene, profane or derogatory. |
|     ☐ A threat of serious bodily injury to a specific individual. |
|     ☐ Specific claims or incidents previously filed by the same inmate. |
|     ☐ More than one (1) grievance per week, Monday through Sunday. |
|     ☐ More than two (2) unfounded, frivolous or vexatious grievances per month. |

| After correcting the deficiencies(s) listed below; you may re-submit your grievance. |
| --- |
| ☐ The grievance contains more than one (1) appropriate issue.  Only 1 issue is allowed per grievance. |
| ☐ No factual harm/loss noted and/or no remedy requested. |
| ☐ Other; specify: |

Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment.

_____ 9/27/1_    X _____ X _____

Witness Signature     Date      Inmate Signature     Date

cc: Original – Inmate
    Copy - Grievance File

DOC-3098 (01/17)

LOG NUMBER: *2006·30·66708*

# NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME: _Jose Gallimort_                    I.D. NUMBER: _56977_

INSTITUTION: _HDSP_                    UNIT: _7B / 2_

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER _2006-30-66708_ , ON THE
SECOND LEVEL. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION
IS ATTACHED FOR REVIEW.

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: _JMGS_                    DATE: _7-27-18_

WHY DISAGREE: _First, I would point out that Ms. Nash isn't qualified to_
_give a judgement on a case that should have been refered to the head_
_doctor or the medical administration in Carson City. My hernia requires the_
_examination of a doctor and to make the proper surgery. I have gone_
_through the proper channels by submitting medical kites in August 2017 and_

GRIEVANCE COORDINATOR SIGNATURE: _JNash_                    DATE: _8/27/18_

SECOND LEVEL RESPONSE: _DOC 3098 - Prior grievance deemed_
_untimely_

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE: _JMGS_          TITLE: _____          DATE: _____

GRIEVANCE COORDINATOR SIGNATURE: _JNash_          DATE: _8/27/18_

INMATE SIGNATURE: _Jose gallimort_          DATE _JMGS 9 27 18_

## THIS ENDS THE FORMAL GRIEVANCE PROCESS

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

AUG 2 7 20

HDSP          DOC 3094 (12/01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: _Jose Gallimort_     I.D. NUMBER: _56977_

INSTITUTION: _HDSP_     UNIT #: _7B/2_

GRIEVANCE #: _2006-30-66708_     GRIEVANCE LEVEL: _Second_

GRIEVANT'S STATEMENT CONTINUATION:     PG. _1_   OF   _1_

February of this year. Nobody can deny that the medical staff failed to address my issue properly by having me talk to a doctor so I could be sent to a hospital. Clearly, negligence and deliberate indifference have been shown and I do have legal recourse for that. As stated before in my first level greivance, I cannot accept a response in regards to an untimely submission. To submit any more kites to medical would subject me to a possible write up, so the greivance process is the next course of action. If this is unsatisfactory, I would like to remind the administration that making me suffer this hernia is an issue that can be brought and settled in a court of law. Thank you.

Original:     Attached to Grievance
Pink:         Inmate's Copy

# Exhibit G

Witness affidavit from David Thomson.

Thomson received his hernia surgery in 2017

## INSTRUCTIONS/SUGGESTIONS FOR COMPLETEING AN AFFIDAVIT

(1)  This form is only good in the state of Nevada by a person incarcerated, per NRS208.165 and has at the bottom space to be notarized if for use outside Nevada.

(2)  The first paragraph should be something like this...(1) THAT, (your name) is the Affiant in this affidavit and is currently incarcerated at High Desert State Prison (HDSP)

(3) Each following paragraph should be numbered and begin with That... and your statements should be in sequence, first establishing your knowledge of the subject and then followed by the fact you wish to establish.

(4) The small page attached does NOT have numbers on purpose so that you can shorten the attachment to any length you wish, want, or need, simply by laying the ending at the end of your affidavit and then having it copied. If longer, another 28-line page with lines can be obtained from the law library clerk at the counter or made by yourself.

(5) You could also have a "Witness" sign in the space where the notary would use.

1           AFFIDAVIT OF DAVID THOMSON

2   STATE OF NEVADA   )
                     ) ss:
3   COUNTY OF CLARK   )

4              TO WHOM IT MAY CONCERN:

5      I, DAVID THOMSON    , the undersigned, do hereby swear that all the

6   following statements and description of events, are true and correct, of my own

7   knowledge, information, and belief, and to those I believe to be true and

   correct. Signed under penalty of perjury pursuant to NRS 208.165.

8

9   **(1) THAT** I AM CURRENTLY SERVING TIME At HIGH DESERT STATE

10   PRISON SINCE 2012. MY PRISON bACK # is 1080243 Cell N° 7C-26.

11   UPON Arrival to this facility, I requested inmediate medical Attention

12   due to a Hernia located in MY Groins. which was really Painful at the

13   time. and Addressed the issue to the Medical center located at Clark

14   County Jail. LAS VEGAS. NEVADA. WHom refused to have this Problem

15   fix. After a long and Gruesome wait that lasted Nearly Five Years.

16   HIGH Desert State Prison MEDICAL DEPARTMENT Decided to Provide Medical

17   Attention And Gave me an Appointment to receive a SurGERY. which

18   WAS PERFORMED at HENDERSON HosPitAl last year in 2017. if there is

19   any information reGarding this matter. it CAN be found in my Medical

20   Record/files. Additionally I am willing to testify in Person if needed

21   Under Penalty of PerJury that the foreGoing is true and Correct.

22                  Executed at HIGH Desert State Prison, Indian SPrinGs,

23   NEVADA ON September. 25, 2018

24           Signature  Thomson    NDDC# 1080243

25

26

27

28

# Exhibit   H

Witness affidavit from James K Mack Sr.
Mack suffered cruel and/or unusual punishment
as well, just like Gallimort is to this date.

## <u>INSTRUCTIONS/SUGGESTIONS FOR COMPLETEING AN AFFIDAVIT</u>

(1)  This form is only good in the state of Nevada by a person incarcerated, per NRS208.165 and has at the bottom space to be notarized if for use outside Nevada.

(2)  The first paragraph should be something like this...(1) THAT, (your name) is the Affiant in this affidavit and is currently incarcerated at High Desert State Prison (HDSP)

(3) Each following paragraph should be numbered and begin with That... and your statements should be in sequence, first establishing your knowledge of the subject and then followed by the fact you wish to establish.

( The small page attached does NOT have numbers on purpose so that you can shorten the att  to any length you wish, want, or need, simply by laying the ending at the end of your affidavit and then having it copied. If longer, another 28-line page with lines can be obtained from the law library clerk at the counter or made by yourself.

(5) You could also have a "Witness" sign in the space where the notary would use.

1    AFFIDAVIT OF _James K. Mack, Sr. # 78460_

2    STATE OF NEVADA    )
                        )   ss:
3    COUNTY OF CLARK    )

4    TO WHOM IT MAY CONCERN:

5    I, _James K. Mack, Sr._, the undersigned, do hereby swear that all the

6    following statements and description of events, are true and correct, of my own

7    knowledge, information, and belief, and to those I believe to be true and

7    correct. Signed under penalty of perjury pursuant to NRS 208.165.

8

9    (1) THAT _I am currently serving time at high desert state prison,_

10   _Prison since 2011. back number # 78460 cell No 7B-3._

11   _on march 8, 2017 I/m Mack has to do a mandown because the C/o could_

12   _not assist I/m Mack, upon arrival nurse had to take I/m Mack_

13   _to the infirmary, which Dr G. Bryan did health check, Dr G. Bryan_

14   _send I/m Mack, to valley hospital. The pain was cause by Gladbaddle_

15   _which a surgery was done to Removal gladbaddler, couple day later_

16   _was Rush back surgery to place a "stent" for the leaked. I/m mack,_

17   _have to stay 14 days, upon arrival back at the prison was place in_

18   _the Infirmary for 7 days because I/m Mack have drain tube in his_

19   _side. it's was Remove March around 28, 29, . I/m Mack, has to be_

20   _place back G. P. because he was nulonger under infirmary care_

21   _was wading to has the "stent" Remove six weeks later, the stent_

22   _stay 19 month before they removal, bunch delayes and some doctor's_

23   _visites because the "stent" was causing a lot pains and some_

24   _Irregular excuriciating pain in abdomen. Delayes 8th amendment_

25   _cruel unusual punish ment of the United states Constitution_

26   _14th amendment, All these violations come by the High desert_

27   _state prison medical department, malpractice, delberate indifference_

28   _Medical department of high desert state prison_

1  around April 18-25 2017, I/m MACK, went to see the specialist
2  Mohammed SHAFI, Md to check abdomen area and colon
3  appointment was made to Removal the "Stent", The appointment was
4  made but several cancellation, because knowing or will ful disclosure
5  of priviledged communication.
6  Send Requested to find out why was cancel to Remove "stent"
7  an foreign object that Causing irregular bowel movement.
8  lack of Communication in high desert state prison medical depart-
9  ment.
10
11
12
13
14
15
16
17
18
19
20
21
22  FURTHER, AFFIANT SAYETH NAUGHT.
23  EXECUTED AT High Desert State Prison          this 25 day of September 20 18
24  IN FRONT OF:                                   BY Joon K. Mack, Sr
25                                                 NDOC # 78400
26
27
28