UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSE GALLIMORT,

                    Plaintiff,

    v.

ROMEO ARANAS, *et al*,

                    Defendants.

Case No. 2:19-cv-00514-RFB-EJY

**ORDER**

## I.    INTRODUCTION

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 22). For the reasons stated herein, the motion is GRANTED.

## II.    PROCEDURAL HISTORY

Plaintiff filed an application for leave to proceed in forma pauperis along with the Complaint on March 26, 2019. ECF No. 1. The Complaint asserted claims based on First Amendment retaliation, due process under the Fourteenth Amendment, and the Eighth Amendment. Id. On July 21, 2020, the Court entered a screening order pursuant to 28 U.S.C. § 1915A(a). ECF No. 6. The screening order granted Plaintiff's application for leave to proceed in forma pauperis. It also permitted Plaintiff's Eighth Amendment claim, arising from Defendants' alleged failure to provide Plaintiff with necessary medical treatment after Plaintiff suffered a hernia, to proceed against Defendant Jennifer Nash. Id. The screening order dismissed Plaintiff's claims against Defendants Romeo Aranas, Brian Williams, and James Dzurenda. Id.

On December 18, 2020, the parties participated in an Inmate Early Mediation Conference. ECF No. 13. The parties conferred but a settlement was not reached, and the case was returned to the normal litigation track. Id. Defendant accepted service on January 13, 2021. ECF No. 16. An Answer was filed February 19, 2021. ECF No. 18.

Discovery closed on November 18, 2021. ECF No. 19. On December 17, 2021, Defendant filed the instant Motion for Summary Judgment. ECF No. 22. To date, Plaintiff has neither responded to the motion nor requested any extension of time to respond to the motion.

### III.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). The nonmoving party may not merely rest on the allegations of her pleadings; rather, she must produce specific facts—by affidavit or other evidence—showing a genuine issue of fact. Anderson, 477 U.S. at 256.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order." Heinemann v. Satterberg, 731 F.3d 914, 915 (9th Cir. 2013) (citing Fed. R. Civ. P. 56(e)). When a party fails to oppose a motion

for summary judgment, district courts must assess "whether the motion and supporting materials entitle the movant to summary judgment." Id. (citations and internal quotation marks omitted).

## IV.   FACTUAL BACKGROUND

Plaintiff did not respond to the Motion for Summary Judgment or otherwise provide the Court with any filings from which the Court is able to determine Plaintiff's position on the factual background of this case. The Court accordingly accepts the following facts as undisputed, based on Defendant's Motion for Summary Judgment (ECF No. 22) and the other supporting materials in the record. See id.

Plaintiff was incarcerated within the Nevada Department of Corrections. At all relevant times, Plaintiff was housed at High Desert State Prison ("HDSP"). Before his release, Plaintiff submitted a medical kite on July 26, 2017, indicating he needed to have a surgery. On August 30, 2017, Plaintiff submitted a medical kite requesting an exam by Doctor Bryan. Both kites were responded to and provided that Plaintiff would be placed on the provider sick call list and referred to medical. Ten months later, Plaintiff submitted Informal Grievance 2006-30-66708, asserting that he had submitted a kite for medical care to the HDSP medical department on July 26, 2017, and August 30, 2017, regarding hernia pain and requested to see a doctor. On June 14, 2018, Defendant, acting as the grievance coordinator, responded to Plaintiff's informal grievance. Defendant, who is not a trained medical provider, rejected Plaintiff's informal grievance as untimely. Plaintiff received the rejection the same day.

On June 14, 2018, Plaintiff appealed to the First Level, explaining that it was about his ongoing hernia issue, and that he needed to see a doctor immediately. Defendant rejected the grievance again, noting that it was untimely but indicating that she directed Plaintiff's issue to HDSP medical staff. On July 27, 2018, Plaintiff appealed Defendant's rejection, asserting Defendant was not qualified to give such medical judgment and, once again, requested medical care for his hernia. On August 27, 2018, Plaintiff's grievance was once again treated as untimely.

/ /

/ / /

3

## V.    DISCUSSION

Plaintiff brings an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants, arising from his efforts to get medical care, including surgery, for a hernia. The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Here, Plaintiff fails to establish that Defendant was his physician or medical provider or that she had authority to order medical staff to provide Plaintiff with a specific course of treatment. Plaintiff also does not establish that Defendant, other than through rejecting his grievance requests as untimely, failed to act to ensure that he got proper medical treatment. In fact, after Defendant rejected Plaintiff's untimely grievance request, the record shows that Defendant notified the

appropriate HDSP staff to address Plaintiff's medical grievances. For this same reason, Plaintiff cannot establish the subjective standard that Defendant acted with deliberate indifference. The undisputed facts do not establish that Defendant knew of and disregarded an excessive risk to Plaintiff's health to establish a medical indifference claim. Accordingly, Plaintiff has failed to establish that Defendant was subjectively indifferent to his serious medical condition.

Because there are no genuine issues of material fact, and Plaintiff cannot establish a claim under the Eighth Amendment based upon the undisputed facts in the record, the Court grants Defendant's Motion for Summary Judgment.

## VI.    CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment, (ECF No. 22), is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty days from the date of the entry of this Order to file a Motion for Reconsideration of the Court's Order. The motion should explain why Plaintiff failed to timely respond to Defendant's Motion for Summary Judgment. If Plaintiff fails to file such motion within thirty days, the Clerk of the Court is instructed to enter judgment and close this case accordingly.

**DATED:** September 21, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**